UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RIVKA LANDAU on behalf of herself and
all other similarly situated consumers

        Plaintiff,

  -against-


C. TECH COLLECTIONS, INC.

        Defendant.

_____

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Rivka Landau seeks redress for the illegal practices of C. Tech Collections, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is citizen of the State of New York who resides within this District.

3. Plaintiff is consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Mount Sinai, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Rivka Landau*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about February 15, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "We previously wrote explaining that your failure to pay $ 153.00 could result in further collection procedures."

13. Said language is including, but not limited to, a threat to take unintended legal action.

14. Defendant does not commonly file suits at or about the amount of the Plaintiff's debt which is alleged to be $153.00.

15. The least sophisticated consumer would interpret the language in the said letter to mean that legal action was authorized by the Creditor, and imminent.

16. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e and 1692e(10).

17. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by

threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action, and for false and deceptive acts.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

18. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventeen (17) as if set forth fully in this cause of action.

19. This cause of action is brought on behalf of Plaintiff and the members of a class.

20. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter, (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about February 15, 2014; (b) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to NYU Anesthesia Assoc.; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken by Defendant in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA.

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

22. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

26. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
December 23, 2014

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

-5-

# C.tech®
## COLLECTIONS, INC.
Post Office Box 402 ♦ Mt. Sinai, NY 11766

Date:        02/15/2014
Re:          NYU ANESTHESIA ASSOC.
Account #:   9000-307-18713
Client Code #: 02
Balance:     $ 153.00


Dear Rivka Landau:

We previously wrote explaining that your failure to pay $ 153.00 could result in further collection procedures.  Since then, you have not communicated with us to discuss a payment schedule or to explain your reasons for non-payment.

Under the circumstances, we are asking you to remit the amount due so that this matter can be amicably concluded.  An envelope is enclosed for your convenience.

                                        Laura Muhlhausen
                                        Collection Division Manager
                                        (631) 828-3140
                                        (866) 402-1026


IMPORTANT CONSUMER NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

New York City Department of Consumer Affairs License Number 0980854.

57ADCTEC015
*** DETACH HERE AND RETURN WITH REMITTANCE  OR  PAY ONLINE AT WWW.CTECH-COLLECTS.COM ***



ADCTEC01
PO Box 1022
Wixom MI  48393-1022
ADDRESS SERVICE REQUESTED

| If you wish to pay by credit card, please enter the requested information in the spaces provided. | | |
|---|---|---|
| CHECK ONE:  ☐ VISA   ☐ MasterCard | 3 DIGIT SECURITY CODE (on back of card) ___ |
| CARD NUMBER | EXP. DATE  / |
| CARDHOLDER SIGNATURE | AMOUNT AUTHORIZED $ |

February 17, 2014

5     245428207

Rivka Landau
80 Skillman St Apt 4F
Brooklyn NY 11205-2837

MAIL ALL CORRESPONDENCE & PAYMENTS TO:
C.TECH COLLECTIONS, INC.
PO Box 402
Mt. Sinai NY 11766-0402

Date:        02/15/2014
Re:          NYU ANESTHESIA ASSOC.
Account #    9000-307-18713
Client Code #:  02
Balance:     $ 153.00